875 F.2d 869
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl E. WRIGHT, Plaintiff-Appellant,
v.
T.R. YOUNG, Warden, Defendant-Appellee.
 No. 88-5682.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1989.
 
 1
 Before KEITH and KENNEDY, Circuit Judges, and RICHARD B. MCQUADE, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Earl E. Wright moves for attorney's fees and appeals from the district court's judgment awarding him damages in his suit filed under the Federal Tort Claims Act, 28 U.S.C. Sec. 2672 (FTCA).
 
 
 4
 Wright alleged that the warden at FCI, Memphis was negligent in caring for his property; as a result, some of his property was stolen on August 24, 1983, and still other property was stolen on April 16, 1984. He later amended the complaint upon order of the district court, alleging that he was suing the United States under the FTCA for his property loss on these two occasions. The district court granted the defendant's motion to dismiss. The court decided that Wright had filed the April 16 claim outside of the applicable statute of limitations (as he had waited too long after receiving notice of the final administrative decision denying his claim); and while the August 24 claim was timely, it dismissed the claim because it was not based upon an actionable duty. Wright appealed. This court vacated the judgment and remanded the case to the district court as to Wright's August 24, 1983 claim, and affirmed the dismissal of the other claim, as it was not timely filed. Wright then filed a motion seeking settlement in the amount of $1500, and attorney's fees. The district court denied him attorney's fees and entered judgment in favor of Wright for $179.25 in full settlement of all claims and costs.
 
 
 5
 Wright then filed this appeal. In his brief, he maintains that he is entitled to $1500 in settlement of his FTCA claim, and also entitled to cover his damages and expenses.
 
 
 6
 Upon consideration, we affirm the district court's judgment. Damages in FTCA cases are limited to the amount claimed administratively. See 28 U.S.C. Sec. 2675(b); Low v. United States, 795 F.2d 466, 471 (5th Cir.1986). The court can award more than the amount specified in an administrative claim if it is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim. See 28 U.S.C. Sec. 2675(b). Wright has not alleged that he recently discovered additional evidence; hence, his damages are limited to the $179.25 that he specified in his administrative claim.
 
 
 7
 In addition, Wright's motion for attorney's fees is denied as pro se litigants are not entitled to attorney's fees under 28 U.S.C. Sec. 2412(d)(1)(A). See Merrell, 809 F.2d at 640-41; Crooker v. Environmental Protection Agency, 763 F.2d 16, 17 (1st Cir.1985) (per curiam).
 
 
 8
 For these reasons, Wright's motion for attorney's fees is hereby denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation