**Rev. Frank D. LOVELL, Plaintiff, Appellant,**

v.

**Linwood SNOW, etc., Defendant, Appellee.**

**No. 80–1668.**

United States Court of Appeals, First Circuit.

Submitted Dec. 22, 1980.

Decided March 17, 1981.

Frank D. Lovell, on brief pro se.

Paul J. Sullivan, Scituate, on brief for appellee.

Before COFFIN, Chief Judge, ALDRICH, Circuit Judge, WYZANKSKI,* Senior District Judge.

* Of the District of Massachusetts sitting by designation.

COFFIN, Chief Judge.

In 1975 plaintiff brought this *pro se* action under 42 U.S.C. § 1983 seeking damages for the loss of a radio while plaintiff was jailed in the defendant's custody. In April 1980 the district court entered a judgment for plaintiff in the amount of $50 plus interest and costs.

While the case was pending, plaintiff moved for an award of attorney fees. Several months after entry of judgment, he renewed the motion, accompanying it with a schedule of his time spent on the case since it was begun in 1975.[1] The district court denied the motion without opinion and plaintiff appeals from that order.

We have recently held that attorney fees may not be awarded to *pro se* plaintiffs pursuant to the attorney fee provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(E). *Crooker v. United States Department of Justice*, 632 F.2d 916, 920–22 (1st Cir. 1980). Our starting point there, as here, was the intent of Congress. We identified the dominant purpose of the FOIA's attorney fee provision as the removal of "the obstacle of attorney fees [so that] all litigants have 'access to the courts to vindicate their statutory rights.'" *Id.* at 920, *quoting Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 715 (D.C. Cir. 1977). Precisely the same policy lay behind the enactment of the Civil Right Attorney's Fees Awards Act, 42 U.S.C. § 1988. *See Perez v. University of Puerto Rico*, 600 F.2d 1, 2 (1st Cir. 1979), *quoting Zarcone v. Perry*, 581 F.2d 1039, 1042 (2d Cir. 1978); *Sargeant v. Sharp*, 579 F.2d 645, 648 (1st Cir. 1978) *quoting* S.Rep.No. 1011, 94th Cong., 2d Sess. 2, *reprinted in* 1976 U.S.Code Cong. & Admin.News 5908, 5910; *cf. Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). In light of this identity of statutory policies, the reasoning which we set forth in *Crooker, supra*, 632 F.2d at 920–22, fully applies in the case of a *pro se* plaintiff's request for attorney fees pursuant to 42 U.S.C. § 1988. It need not be repeated here.

*Affirmed.*[2]

---

1. From the record it appears that all of plaintiff's work on the case was done while incarcerated. In view of this fact and our affirmance on the merits, we are reluctant to decide the case on the possible grounds that plaintiff's post-judgment motion for attorney fees was untimely. *See David v. Travisono*, 621 F.2d 464, 467 n.2 (1st Cir. 1980); *cf. Gary v. Spires*, 634 F.2d 772 (4th Cir. 1980). *But see Jones v. Dealers Tractor & Equipment Co.*, 634 F.2d 180 (5th Cir. 1981).

2. *Accord, Rheuark v. Shaw*, 628 F.2d 297, 300 n.1 (5th Cir. 1980); *Davis v. Parrett*, 608 F.2d 717 (8th Cir. 1979); *Owens-El v. Robinson*, 498 F.Supp. 877, 880 (W.D.Pa.1980); *Grooms v. Snyder*, 474 F.Supp. 380, 384 (N.D.Ind.1979); *see Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1977). *Contra, Crooker v. United States Department of the Treasury*, No. 80–1412 (D.C. Cir. Oct. 23, 1980).