**Stephen S. CROOKER,
Plaintiff, Appellant,**

v.

**ENVIRONMENTAL PROTECTION
AGENCY, Defendant, Appellee.**

No. 84–1985.

United States Court of Appeals,
First Circuit.

Submitted Feb. 8, 1985.

Decided May 29, 1985.

Stephen S. Crooker, pro se.

Robert W. Martin, Jr., Sp. Asst. U.S. Atty., and William F. Weld, U.S. Atty., Boston, Mass., on brief for defendant appellee.

Before COFFIN, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Stephen Crooker appeals the denial of his motion for attorney's fees under 28 U.S.C. § 2412(d)(1)(A) of the Equal Access To Justice Act (EAJA). Because we conclude that section 2412(d)(1)(A) does not authorize an award of attorney's fees to a *pro se* litigant, we affirm.

Crooker's fee request stems from a *pro se* action he filed in the district court under the Freedom of Information Act (FOIA), seeking release of documents from the Environmental Protection Agency (EPA). After EPA released parts of the documents, Crooker dismissed his FOIA action and filed a motion for attorney's fees under 5 U.S.C. § 552(a)(4)(E) of the FOIA. The district court denied that motion and we affirmed on appeal. While the appeal was pending, Crooker filed his motion for attorney's fees under the EAJA.

Section 2412(d)(1)(A) of the EAJA, upon which Crooker relies, authorizes an award of attorney's fees in a civil action to a prevailing party and against the United States under certain specified circumstances. Although that provision expired on October 1, 1984, the EAJA provides that subsection (d) of section 2412 applies "... through final disposition of any action commenced before the date of repeal." Pub.L. 96–481, § 204(c), 94 Stat. 2321, 2329 (1980). Because Crooker filed his FOIA action before the repeal date, his request for attorney's fees under section 2412(d)(1)(A) is unaffected by the repeal. EPA argues, however, that Crooker's request is precluded because the EAJA does not authorize an attorney's fee award to a *pro se* litigant.

We have held that a *pro se* litigant cannot recover attorney's fees under the attorney's fee provision of the FOIA, *Crooker v. United States Department of Justice,* 632 F.2d 916, 920–22 (1st Cir.1980), or under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, *Lovell v. Snow,* 637 F.2d 170 (1st Cir.1981). In *Crooker,* we noted that the primary purpose for enacting the FOIA attorney's fee provision was to remove "the obstacle of attorney fees [so that] all litigants have 'access to the courts to vindicate their statutory rights.'" 632 F.2d at 920, quoting *Nationwide Building Maintenance, Inc. v. Sampson,* 559 F.2d 704, 715 (D.C.Cir.1977). We concluded that an award of attorney's fees to a *pro se* litigant would not further that purpose.

In *Lovell,* we concluded that the reasoning in *Crooker* fully applied to a *pro se* litigant's request for attorney's fees under 42 U.S.C. § 1988. We reached this conclusion based upon the identical predominent policies underlying enactment of the FOIA attorney's fee provision and the Civil Rights Attorney's Fees Awards Act. *See* 637 F.2d at 171.

A primary purpose in enacting the EAJA, and particularly section 2412(d)(1)(A), was to remove the obstacle of litigation expenses, including attorney's fees, so that litigants may challenge unrea-sonable governmental action and vindicate their rights in court. *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4984, 4988–89; *Dougherty v. Lehman,* 711 F.2d 555, 562 (3d Cir.1983); *Spencer v. N.L.R.B.,* 712 F.2d 539, 549 (D.C.Cir.1983). We find no fundamental difference between that purpose and the major policies underlying enactment of the FOIA attorney's fee provision and the Civil Rights Attorney's Fees Awards Act. Therefore, the rationale set forth in *Crooker* (*see* 632 F.2d at 920–22), and applied in *Lovell,* is equally applicable to a *pro se* litigant's request for attorney's fees under section 2412(d)(1)(A) of the EAJA.

The judgment of the district court is affirmed.