797 F.2d 740
 24 ERC 1836, 55 USLW 2135, 16 Envtl.
L. Rep. 20,868
 Paul E. MERRELL, Plaintiff-Appellant,
and
Oregon Coast Range Residents, Bonnie Hill and Tony Hill, et
al., Plaintiffs- Intervenors,
v.
J.R. BLOCK, Secretary, United States Department of
Agriculture, William Clark, Secretary, United States
Department of the Interior, and Acting Administrator, United
States Environmental Protection Agency, Defendants-Appellees.
 No. 83-4258.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 10, 1985.
Decided Aug. 15, 1986.
Opinion Withdrawn Feb. 5, 1987.
See 809 F.2d. 639
 
 Mike Axline, Eugene, Or., for plaintiff-appellant.
 Albert M. Ferlo, Jr., Atty. U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before BROWNING and ALARCON, Circuit Judges, and STEPHENS, Senior District Judge*.
 STEPHENS, District Judge:
 On April 15, 1981, Paul Merrell filed a complaint pro se for declaratory and injunctive relief against the United States Forest Service, the Bureau of Land Management and the Environmental Protection Agency. Merrell's complaint alleged that the defendants had violated the National Environmental Policy Act (NEPA), 42 U.S.C. Section 4321, et seq., because they had conducted an annual herbicide spraying program near his home in the Siuslaw National Forest without adequately assessing and disclosing the effects of the spraying on human health.
 On April 14, 1983, on cross-motions for summary judgment, the district court decided that the federal defendants had violated the NEPA. The court entered an order enjoining the defendants from aerial spraying until they complied with the research and disclosure requirements of the NEPA. The defendants appealed the district court's final judgment. After retaining counsel, Merrell filed a cross-appeal on the merits of the case.
 On June 20, 1983, Merrell filed an application in the district court for fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412(d)(1)(A), for his time spent and costs accrued in litigating in the district court. The district court denied his application on September 13, 1983, finding that the EAJA does not authorize attorneys fees to pro se litigants. The court also decided that fees were inappropriate since the government's position was substantially justified. Merrell brought a separate appeal on the denial of fees and expenses.
 On January 27, 1984, another panel of this court affirmed the district court's finding that the defendants were in violation of the NEPA, but remanded the case to allow the district court to expand its injunction to include both aerial and ground spraying over a larger territorial area. See Save Our ecoSystems v. Clark, 747 F.2d 1240 (9th Cir.1984). The court awarded attorneys fees to Merrell under the EAJA for his counsel's fees on appeal, but specifically refrained from ruling on the district judge's denial of fees to Merrell at the district court level since that issue was the subject of this separate appeal.
 We review the district court's denial of fees under the EAJA for an abuse of discretion. The court's interpretation of the EAJA, however, is subject to de novo review. Southern Oregon Citizens Against Toxic Sprays, Inc. v. Clark, 720 F.2d 1475, 1481 (9th Cir.1983) cert. denied 469 U.S. 1028, 105 S.Ct. 446, 83 L.Ed.2d 372 (1984). The attorneys fee provision of the EAJA, 28 U.S.C. Section 2412(d)(1)(A) provides, in part:
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 28 U.S.C. Section 2412(d)(2)(A) defines fees and expenses as follows:
 [f]ees and other expenses includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, text or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees....
 Merrell claims that the language and the legislative history of the EAJA support an interpretation of the statute as allowing attorneys fee awards to a pro se litigant, and accordingly, that the district court erred in denying his application for fees. This circuit has not previously been faced with the question of a pro se litigant's entitlement to fees under the EAJA, although entitlement under similar attorneys fee provisions has been the subject of several cases.
 In Hannon v. Security National Bank, 537 F.2d 327, 329 (9th Cir.1976), a successful pro se litigant was denied fees under the Truth in Lending Act, 15 U.S.C. Section 1640(a) (as amended 1976), because the statute only provided for "a reasonable attorney's fee," and the plaintiff was not an attorney and could not provide attorney services. In Carter v. Veterans Administration, 780 F.2d 1479, 1481 (9th Cir.1986), the court determined that a pro se litigant may not recover attorneys fees under the Freedom of Information Act, 5 U.S.C. Section 552(a)(4)(B), noting the reasoning in Hannon that, had Congress intended to compensate non-attorneys, it could have expressly so provided. The Carter opinion observed that seven other circuits have also denied fees under the FOIA.[1]
 This court granted attorneys fees to pro se litigants under 42 U.S.C. Section 1988 in Ellis v. Cassidy, 625 F.2d 227, 230 (9th Cir.1980). The award was made solely on the basis that the litigants were attorneys who, by having to defend themselves against a frivolous suit, were "required to take time away from their practices to prepare and defend the suit." The court further explained its reasoning as follows:
 Legal services have actually been performed. [Citation]. The difficulty of placing a dollar value on the legal services performed, present in the situation where a lay defendant represents himself, is largely absent in the case of an attorney who has established fees and billing practices.
 625 F.2d at 231.
 The trouble in assessing an appropriate fee for a layman's services while acting as his own attorney is underscored by the EAJA attorneys fee provision itself, which requires that an attorney seeking an award of fees submit to the court a statement "stating the actual time expended and the rate at which fees and expenses are computed." 28 U.S.C. Section 2412(d)(1)(B). The statute also provides that:
 The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that... (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.
 28 U.S.C. Section 2412(d)(2)(A).
 The First Circuit has determined that attorneys fees are not awardable to a pro se litigant under the EAJA. See Crooker v. Environmental Protection Agency, 763 F.2d 16 (1st Cir.1985). The court based its holding upon an examination of the purpose for enacting the attorneys fee provision of the EAJA, which it described as:
 [removal of the obstacles] of litigation expenses, including attorney's fees, so that litigants may challenge unreasonable governmental action and vindicate their rights in court. See H.R.Rep. No. 1418, 96th Cong. 2d Sess. 11, reprinted in 1980 U.S.Code Cong. and Ad.News 4984, 4988-89; Dougherty v. Lehman, 711 F.2d 555, 562 (3rd Cir.1983); Spencer v. N.L.R.B., 712 F.2d 539, 549 (D.C.Cir.1983).
 763 F.2d at 17. The court reasoned that an award of fees to a pro se litigant would not further this stated purpose.
 Our interpretation of the statute must begin with the language of the provision itself. Donovan v. Southern California Gas Company, 715 F.2d 1405, 1407 (9th Cir.1983), citing Consumer Product Safety Commission v. GTE Sylvania, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). "Fees" are specifically defined in the statute as "reasonable attorney fees." This choice of terminology, standing alone, leads to the conclusion that Congress intended that an attorney have been retained for a prevailing pro se litigant to recover attorneys fees under the EAJA. The plain language of the statute in conjunction with the purpose of the EAJA as outlined by the First Circuit convinces us that the district court did not abuse its discretion in refusing to grant attorneys fees to Merrell for the district court phase of the litigation.
 Merrell also claims that the district court erred by not awarding fees and expenses under Federal Rule of Civil Procedure 37(d). Merrell contends that such an award was warranted against the government because of its "multiple and deliberate refusals to respond to discovery requests."
 Federal Rule of Civil Procedure 37(d) provides that a court may enter an order compelling a party to produce documents for inspection or, alternatively, order the sanctions enumerated in Rule 37(b)(2)(A), (B) or (C). The rule then states:In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
 At the time the district court granted summary judgment to Merrell, it had pending before it Merrell's motion to compel production of documents. After granting summary judgment, the court denied Merrell's motion on the ground that it was rendered moot by the grant of summary judgment in his favor. Because the district court in this case never contemplated entering an order compelling defendants to produce documents, but instead denied Merrell's motion, there was never any order for the court to grant fees "in lieu of." The district court committed no error in not assessing attorneys fees against the defendants under Federal Rule of Civil Procedure 37(d).
 The district court's order denying attorneys fees and expenses to Merrell under the Equal Assess to Justice Act is AFFIRMED.
 
 
 
 *
 Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 See, e.g. DeBold v. Stimson, 735 F.2d 1037, 1041, n. 2 (7th Cir.1984)