David E. JONES, Plaintiff,

v.

Donald P. HODEL, Defendant.

Civ. A. No. 87–2466.

United States District Court, District of Columbia.

May 9, 1988.

David E. Jones, pro se.

William J. Dempster, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

Plaintiff David Jones filed this *pro se* action against Donald Hodel, in his official capacity as Secretary of the Interior, on September 8, 1987, seeking to compel agency compliance with employee grievance procedures set forth in the Departmental Manual. Prior to his removal, Jones was a

GS–14 employee, occupying the position of Attorney–Advisor, Office of the Solicitor, Division of Surface Mining. Presently before us is plaintiff's application for costs and attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons stated below, we find that plaintiff is entitled to costs and attorneys fees in the amount requested.

## I. *Background*

On September 18, 1987 plaintiff moved for a preliminary injunction, seeking mandamus compelling the Secretary of the Interior to comply with the Department's grievance procedures.[1] On October 29, 1987 we held that mandamus was appropriate because, *inter alia*, "plaintiff's right to the requested relief [was] clear." Memorandum Order, at 3. We also determined, based upon a review of the traditional equitable principles examined upon application for issuance of a preliminary injunction, that an injunction should issue. Accordingly, we ordered the Secretary of the Interior to, within 10 days of entry of our order, appoint a deciding official at a level higher than the Assistant Secretary of Policy, Budget and Administration to review *de novo* the grievance examiner's report and recommendations. *Id.*, at 5.

Defendant subsequently moved for an enlargement of time in which to comply. He requested a lengthy extension.[2] We denied this motion, in large part because an extension would have run contrary to our earlier finding that plaintiff would be irreparably harmed if we were to deny his petition for injunctive relief.

On November 9, 1987 the Secretary of the Interior appointed a new deciding official to review the grievance examiner's report. Once this was done, defendant filed a motion to dismiss this action as moot. Plaintiff opposed. We granted the motion on January 12, 1988.

## II. *Discussion*

Plaintiff now seeks attorney's fees and costs[3] under the EAJA, 28 U.S.C. § 2412. The attorney fees and expense provision of the EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The defendant asserts that Jones is ineligible for attorney's fees, because he is a *pro se* litigant, and the EAJA does not provide for an award of attorney's fees to *pro se* litigants. In addition, the defendant claims that even assuming *arguendo* that Jones is eligible to recover costs and attorney's fees under the act, he is not entitled to recovery in this case, because the plaintiff has not prevailed on the merits and the government's position was substantially

---

1. Specifically, plaintiff requested that the Secretary of the Interior be directed to appoint an appropriate level deciding official to review the grievance examiner's report within the time frame set forth in the Department's own Manual (*i.e.* 370 Department Manual (DM) 771). Plaintiff sought procedural, and not substantive, review of the Department's decision.

2. Defendant sought an extension of time until either 10 days after the expiration of the 60–day period during which the government could file an appeal or, if an appeal was taken, the conclusion of those appellate proceedings.

3. The EAJA defines fees and expenses as follows: " '[f]ees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees" 28 U.S.C. § 2412(d)(2)(A). In addition, this provision establishes that "attorneys fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

justified. Plaintiff disputes these contentions.

## A. Pro se litigants

■ The question whether a *pro se* litigant is entitled to recovery under the Equal Access to Justice Act has not previously been addressed by this Circuit. Entitlement under similar attorneys fee provisions have been the subject of several recent cases, however. Attorney's fees have been awarded to *pro se* litigants in Freedom of Information Act (FOIA) cases pursuant to the fee-shifting provisions in that statute. *Cox v. United States Department of Justice,* 601 F.2d 1, 5–6 (D.C.Cir. 1979). *See also Cuneo v. Rumsfeld,* 553 F.2d 1360 (D.C.Cir.1977). By contrast, *pro se* litigants have been found not to be entitled to attorney's fees under 42 U.S.C. § 1988, and by implication under 42 U.S.C. § 2000e–5(k). *Lawrence v. Staats,* 586 F.Supp. 1375 (D.D.C.1984). After careful review of the applicable attorney fee statute and the relevant case law, we conclude that plaintiff is entitled to receive an attorney's fee award under EAJA because he is an attorney, despite his *pro se* litigant status.

Our interpretation of the statute must begin with the language of the provision itself. *Consumer Product Safety Commission v. GTE Sylvania Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). "Fees", other than expert witness fees, are expressly defined in the statute as "reasonable attorney fees." This choice of terminology, standing alone, has led some courts to conclude that Congress did not intend for non-attorney *pro se* litigants to recover under this provision. *See Merrell v. Block,* 809 F.2d 639 (9th Cir. 1987); *Crooker v. Environmental Protection Agency,* 763 F.2d 16 (1st Cir.1985). In *Cox,* however, the Court of Appeals for the District of Columbia indicated that "the fact that the [plaintiff was] not an attorney [did] not disqualify him from receiving an award of attorney's fees" under the FOIA feeshifting statute. 601 F.2d at 6.

We refrain from deciding whether *pro se* litigants generally are entitled to recover fees, in addition to costs, under the EAJA. The issue before us is more narrow. We limit our inquiry to whether *pro se* attorneys are entitled to recovery in the manner plaintiff has requested.[4]

It is instructive to look to Congress' purpose in enacting the attorney's fee provision of the EAJA. The central objective of the EAJA, and of Section 2412(d)(1)(A) in particular, was to "encourage relatively impecunious private parties to challenge unreasonable or oppressive governmental behavior by relieving such parties of the fear of incurring large litigation expenses." *Spencer v. N.L.R.B.,* 712 F.2d 539, 549–50 (D.C.Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). Achievement of that end, it was believed, would promote three more general goals:

> First, Congress hoped to provide relief to the victims of abusive governmental conduct, to enable them to vindicate their rights without assuming enormous financial burdens. Second, it sought to reduce the incidence of such abuse; it anticipated that the prospect of paying sizeable awards of attorneys' fees when they overstepped their authority and were challenged in court would induce administrators to behave more responsibly in the future. Third, by exposing a greater number of governmental actions to adversarial testing, Congress hoped to refine the administration of federal law—to foster greater precision, efficiency and fairness in the interpretation of statutes and in the formulation and enforcement of governmental regulations.

*Id.,* at 550. (Citations Omitted).

Congress had two other considerations in mind which resulted in a narrowing of the reach of this provision. As will be discussed, Congress did not want to inhibit legitimate efforts by the executive to enforce the law. In addition, Congress feared the potentially huge cost to the

---

4. Or, put another way, the question is whether an attorney who would otherwise receive payment for his services under EAJA should be denied such, because he brings an action on his own behalf, instead of on behalf of a (paying or non-paying) client.

government of an automatic fee-shifting provision. *Id.* Accordingly, individuals are not entitled to an award of attorney's fees where the government's position is "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412.

Plaintiff argues that "a lawyer's time is his stock in trade" and that accordingly he should be compensated for the opportunity costs he incurred in maintaining this suit. Plaintiff's Memorandum in Support of Application for Costs and Attorney Fees (Pltf. Memo.), at 6–7. He contends that such an award would be consistent with the goals of the statute as outlined.

Defendant reads the legislative purpose narrowly—*i.e.* as simply intending to remove litigation expenses so that litigants would be able to challenge unreasonable governmental action and vindicate their rights in court. Defendant asserts that an award of fees to a *pro se* attorney litigant would not advance this purpose.

We disagree. Congress enacted EAJA to "reduce the enormous financial burden" that litigants would face in challenging abusive governmental tactics. In addition, Congress designed EAJA for deterrent purposes. Finally, Congress hoped that EAJA would "foster greater precision, efficiency and fairness" in the interpretation of statutes and the formation and enforcement of governmental regulations. We find that awarding plaintiff, and individuals similarly situated, attorney's fees would facilitate each of these goals. Plaintiff, through a not insubstantial expenditure of his own time and resources, has incurred opportunity costs in bringing this case. To the extent that EAJA was intended to alleviate the costs of bringing suit, an award is appropriate. In addition, actions such as this clearly serve the deterrent effect envisioned. Finally, this action was brought to compel strict agency compliance with agency grievance rules. This was the purpose of plaintiff's suit and he succeeded. Thus, the action has served to "foster greater

precision" on the part of the Department in administering its employee grievance procedure. As an additional consideration, the *pro se* attorney's skills as an advocate will in all probability, as happened in this case, serve to increase the level of competency by which claims are processed.

**B. Prevailing Party**

█ Although Congress did not define "prevailing party" in the EAJA, the Supreme Court has said (in the context of another fee-shifting statute with the same phrase) that a party may be considered to have prevailed if it "succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed. 2d 40 (1982). *See also Union of Concerned Scientists v. N.R.C.,* 840 F.2d 957 (D.C.Cir.1988) (Williams, dissent); *Hirschey v. FERC,* 760 F.2d 305, 309 (applying *Hensley* in the EAJA context); *Massachusetts Fair Share v. Law Enforcement Assistance Administration,* 776 F.2d 1066, 1067 (D.C.Cir.1985) (same).

Defendant's position is that because plaintiff has not prevailed in the underlying grievance process he has not prevailed in this litigation. Obviously, this is irrelevant and misses the mark.[5] Plaintiff brought this procedural due process claim to compel strict agency compliance with the departmental regulations. He did not, and could not, request substantive review. We determined that plaintiff's right to the requested relief was "clear and indisputable." Memorandum Order of October 29, 1988, at 3. Thus, we find that plaintiff, in successfully claiming he was denied procedural due process, has succeeded on the significant issue in this litigation. Plaintiff clearly has prevailed on the merits, within the meaning of the statute. The fact that the government ultimately denied his grievance is of no import.

**5.** Contrary to defendant's assertion, we did not remand this case for further consideration. Rather, we ordered the Secretary of the Interior

to do what we concluded should have been done in the first place.

## C. Substantially Justified

■ In determining whether the defendant's position was substantially justified, we must examine the agency's actions and explanations as well as the defendant's arguments before this court. The EAJA, as amended, defines the "position of the United States" to mean "in addition to the position taken by the United States in civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D) (Supp. III 1985). The EAJA further provides that "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B) (Supp. III 1985). The burden of proving that its position was substantially justified, both in agency proceedings and in litigation, rests with the Government. *Wilkett v. Interstate Commerce Commission,* 844 F.2d 867 (D.C.Cir. 1988). *See also Federal Election Commission v. Rose,* 806 F.2d 1081, 1086–87 & n. 12 (D.C.Cir.1986).

Under the law of this circuit, the Government's position was "substantially justified" if the Government "acted slightly more than reasonably, even though not in compliance with substantive legal standards applied in the merits phase" of the litigation. *Wilkett,* at 871. *See also Rose,* 806 F.2d at 1087; *Baker v. Commissioner,* 787 F.2d 637, 643 n. 10 (D.C.Cir.1986).

On the facts of this case, we find that defendant failed to satisfy its burden of showing that its position was substantially justified. Three factors have been identified as appropriate considerations in deciding a difficult case. They are not however,

exhaustive. *Spencer v. N.L.R.B.,* 712 F.2d 539 (D.C.Cir.1983). These include: the clarity of the governing law, the foreseeable length and complexity of the litigation; and the consistency of the government's position. In this case, we found that the plaintiff's right to the requested relief was clear under the relevant agency grievance provision. Memorandum Order of October 29, 1987, at 3. An examination of these factors leads us to conclude that defendant's position in this action failed to meet the test of being slightly more than reasonable.[6] Its procedural position, in response to plaintiff's procedural claims, was indefensible.

## D. Award

We therefore find that defendant is entitled to attorney's fees for which he has claimed the maximum of $75.00 per hour.[7] We find that the plaintiff in pursuing this litigation has demonstrated outstanding skill and persistence and that the hours expended were reasonable. Such an amount is less than the hourly charges of other reputable attorneys with whom we have had experience. Plaintiff's claims for attorney's fees as a *pro se* attorney and his claim for costs are fully justified.

Accordingly, it is by the court this 6th day of May, 1988

ORDERED that plaintiff's application for costs and attorney's fees in the amount of $4123.75 is granted.

---

**6.** There is no evidence that the government has taken an inconsistent position in this action. Plaintiff claims, however, that this was, as best as he can tell, a first impression decision by the agency.

The course of this litigation was short. While it is true that a the government is "obliged to make an especially strong showing" that its per-

sistence was justified in a lengthy proceeding, *Id.,* at 560, this factor has less importance when the case is of limited duration.

**7.** Since he did not request an increase in this amount, we need not consider whether he would be so entitled.