**David E. JONES**

v.

**Manuel LUJAN, Jr., in his Official Capacity as Secretary of Interior, Appellant.**

**No. 88–5229.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 6, 1989.

Decided June 30, 1989.

Victoria F. Nourse, Dept. of Justice, with whom Michael Jay Singer, Dept. of Justice, Jay B. Stephens, U.S. Atty., and John R. Bolton, Asst. Atty. Gen., Dept. of Justice, were on the brief, for appellant.

R. Craig Lawrence and William J. Dempster, Asst. U.S. Attys., also entered appearances for appellant.

David E. Jones, pro se.

Before MIKVA, EDWARDS and SILBERMAN, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

Concurring opinion filed by Circuit Judge SILBERMAN.

HARRY T. EDWARDS, Circuit Judge:

This case presents the limited issue of whether attorney fees are available to a prevailing party who has proceeded pro se against the Government under the Equal Access to Justice Act ("EAJA") when the pro se party is, by profession, an attorney himself. The Government appeals a District Court award of $4,123.75 in attorney fees under EAJA to plaintiff-appellee David Jones, a former Department of Interior lawyer who proceeded on his own behalf when suing the Department to compel it to adhere to its internal grievance procedure regulations. The relevant section of EAJA allows a prevailing party in a suit against the United States to recover attorney fees unless the Government's position was "substantially justified or ... circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A) (Supp. V 1987).

The Government does not dispute that attorney fees would be due in this case if Jones had used a lawyer other than himself. We can find no relevance to the fact that Jones was his own attorney. Therefore, because Jones was represented by an attorney and was the prevailing party, he is entitled to fees under EAJA. Accordingly, we affirm the judgment of the District Court.

## I. BACKGROUND

On September 8, 1987, appellee David Jones filed a pro se action against Donald Hodel,[1] in his official capacity as Secretary of the Interior, seeking to compel agency compliance with employee grievance procedures set forth in the Department Manual. Jones sought to pursue an internal grievance after he was dismissed from the Department of Interior for refusing a geographic reassignment. Prior to his removal, Jones was a GS–14 Attorney–Advisor in the Office of the Solicitor, Division of Surface Mining, where he had an "exemplary record." *Jones v. Hodel,* 685 F.Supp. 4, 5 (D.D.C.1987) ("Memorandum Order"), reprinted at Joint Appendix ("J.A.") 11.

---

1. Manuel Lujan, the current Secretary of the Interior, has been substituted as a defendant for

Donald Hodel, who was Secretary at the time of the incidents giving rise to this litigation.

When Jones was precluded from pursuing his grievance, he sought a preliminary injunction, seeking mandamus compelling the Secretary to comply with the Department's grievance procedures.[2] On October 29, 1987, the District Court held that mandamus was appropriate because, inter alia, "plaintiff's right to the requested relief [was] clear." See Memorandum Order, J.A. 13. The court also issued an injunction ordering the Secretary to appoint the proper level of deciding official to review Jones' claim de novo within ten days of entry of the Order. See *Jones v. Hodel*, 685 F.Supp. 4, 5 (D.D.C.1988). On November 9, 1987, the Secretary appointed a new deciding official to review Jones' claim in compliance with the District Court Order, and filed a motion to dismiss the pending court action as moot. The motion was granted and is not appealed here.

On February 8, 1988, Jones filed an action in District Court seeking attorney fees and costs under EAJA, which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States *fees and other expenses*, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. section 2412(d)(1)(A) (Supp. V 1987) (emphasis added). "Fees and expenses" are defined to include

> the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or

project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

28 U.S.C. section 2412(d)(2) (Supp. V 1987). The Government opposed the claim for fees on the ground that Jones was a pro se litigant. Maintaining that EAJA does not provide for an award of attorney fees to pro se litigants, the Government argued that the District Court therefore had no authority to award such fees to Jones.[3]

The District Court rejected the Government's argument and awarded attorney fees to Jones under the statute. The trial court noted that, under the law of the circuit, there was no presumption against an award of fees for pro se litigants. In particular, the District Court noted that this court has allowed pro se litigants to recover attorney fees under the Freedom of Information Act ("FOIA") pursuant to that statute's fee-shifting provisions. See *Cox v. United States Dep't of Justice*, 601 F.2d 1, 5–6 (D.C.Cir.1979); *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C.Cir.1977). Moreover, the District Court noted, although some circuits have held that EAJA did not allow pro se litigants to recover attorney fees, see *Merrell v. Block*, 809 F.2d 639 (9th Cir.1987); *Crooker v. Environmental Protection Agency*, 763 F.2d 16 (1st Cir.1985), these cases were plainly distinguishable because they did not involve

---

**2.** Specifically, Jones requested that the Secretary be directed to appoint an appropriate level deciding official to review the grievance examiner's report, within the ten-day time frame set forth in the Department Manual. Thus, Jones sought only procedural, not substantive review of the Department's decision.

**3.** In the trial court, the Government also claimed that Jones was ineligible because he was not the "prevailing party," and that the Government's position was "substantially justified," which rendered the fee award "unjust." 28 U.S.C. section 2412(d)(1)(A). The District Court rejected both of these claims, neither of which are appealed.

situations where the pro se litigant was an attorney.

The District Court also reasoned that Congress' central intention in enacting the attorney fees portion of EAJA was to " 'encourage relatively impecunious private parties to challenge unreasonable or oppressive governmental behavior by relieving such parties of the fear of incurring large litigation expenses'. *Spencer v. National Labor Relations Board,* 712 F.2d 539, 549 (D.C.Cir.1983), cert. denied, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984)." Congress believed that this would promote three more general goals: it would "provide relief to the victims of abusive governmental conduct, ... reduce the incidence of such abuse," and, through this increased accountability, would "refine the administration of federal law [in order] to foster greater precision, efficiency and fairness in the interpretation of statutes and in the formulation and enforcement of governmental relations." *Spencer,* 712 F.2d at 550 (citations omitted).

Applying these broad citizen-protecting motives to the facts of this case, the District Court found that granting Jones fees would be consistent with the goals of the statute because " 'a lawyer's time is his stock in trade' ... accordingly he should be compensated for the opportunity costs he incurred in maintaining this suit." *Jones,* 685 F.Supp. at 7. The trial court then focused on Congress' intent to prevent the Government from engaging in abusive tactics, and found that

> awarding plaintiff, and individuals similarly situated, attorney's fees would facilitate ... these goals. Plaintiff, through a not insubstantial expenditure of his own time and resources, has incurred opportunity costs in bringing this case. To the extent that EAJA was intended to alleviate the costs of bringing suit, an award is appropriate. In addition, actions such as this clearly serve the deterrent effect envisioned. Finally, this action was brought to compel strict agency compliance with agency grievance rules. This was the purpose of plaintiff's suit, and he succeeded. Thus, the action has served to "foster greater

precision" on the part of the Department in administering its employee grievance procedure.

*Id.* This appeal followed.

## II. ANALYSIS

■ We find the trial court's grant of attorney fees to Jones was entirely proper, and we thus affirm. Quite simply, we find that the literal language of EAJA covers an award of fees for services performed by Jones. EAJA explicitly provides for reimbursement of "fees" and "costs" incurred. The Government does not dispute that attorney fees would be due in this case if Jones had used an attorney other than himself. We can find no relevance to the fact that Jones was his own attorney. Therefore, because Jones was represented by an attorney and was the prevailing party, he is entitled to fees under EAJA.

Jones is an attorney. His time is worth money, so fees certainly may be "incurred" when he appears in his own behalf. There is no legitimate basis to deny Jones his legal entitlement to fees merely because he represented himself in this litigation. In this regard, no valid distinction can be drawn between costs and fees. Given Government counsel admitted at oral argument that if Jones were a printer by trade, he would be entitled to reimbursement under EAJA for the costs incurred in printing his own briefs in this litigation.

We reject the Government's argument that attorney fees may be recovered under EAJA only when the attorney and the party are two separate individuals. The statute simply does not say this, and the Government could cite no language in the statute or specific legislative history to support this proposition. Instead, the Government advances the rather strange argument that, even though the terms of the statute support an award of fees in this case, fees should be denied because it cannot be shown that Congress envisioned the scenario of a lawyer representing himself when it provided for recovery of attorney fees under EAJA. It would seem obvious that this court has no authority to spec-

ulate over hypothetical scenarios that Congress did and did not 'have in mind' in enacting EAJA. Indeed, it is a fanciful notion to even think that we might be able to surmise what Congress 'had in mind,' apart from the specific words of the statute. We can only enforce the statute as written; and, as written, Jones is entitled to fees under EAJA because he was represented by an attorney and he was the prevailing party.

It has been suggested that "attorney" could mean something other than "lawyer," in that, according to the dictionary definitions of the terms, attorney "denotes an agent or substitute, ... or one acting on behalf of another," see Black's Law Dictionary 117 (5th ed. 1979), whereas a lawyer is a "person learned in the law ... or ... licensed to practice law," *id.* at 799. However, even the dictionary acknowledges that these two terms are interchangeable. The definition of "lawyer" explains "as an attorney," *id.* at 799; and the definition of "attorney" explains, "[i]n its most common usage, however, unless a contrary meaning is clearly intended, this term means 'attorney at law', 'lawyer' or 'counselor at law'." *Id.* at 117–18.

There can be no real doubt that EAJA requires that the attorney be trained in the *law*, not merely be an agent for a client. Moreover, it would strain conventional language to infer any ambiguity regarding the scope of the meaning of "attorney fees" simply because the statute does not state "fees of an attorney or lawyer." "Attorney fees" is a term of art referring to the cost of legal representation in the course of litigation.[4] *Cf. DeBold v. Stimson*, 735 F.2d 1037, 1042 (7th Cir.1984) ("The term 'attorney fees' contemplates that the services of an attorney be utilized.... Attorney means attorney."). No stipulation is made as to the *type* of attorney that may warrant the granting of fees, save for the limitation on the hourly rate the attorney may charge. See 28 U.S.C. section 2412(d)(2)(A). EAJA only requires that

fees be sought to pay a bona fide lawyer, and there is no question that Jones is a lawyer. He is a member of the D.C. Bar, and is admitted to practice before this court.

Even assuming that the use of the word "attorney" in the statute implies some representational capacity, this in no way rules out an attorney legitimately representing himself. A litigant does not lose his entitlements as an attorney merely by virtue of his self-representation.

■ Because we find EAJA to thus be facially clear regarding Jones' entitlement to fees, we reject the Government's allegations that it is somehow immune from suit under the doctrine of sovereign immunity. There can be no sovereign immunity where Congress has unambiguously consented to waive immunity from suit by statute here, through EAJA section 2412(d)(1)(A). There is no extension here of a fee award "beyond what the language [of EAJA] requires." *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986).

The Government seeks to rely on the reasoning of several cases in other circuits which have interpreted the EAJA attorney fees provision so as to deny fees for pro se litigants. See, e.g., *Crooker*, 763 F.2d 16; *Merrell*, 809 F.2d 639. These cases are inapposite, however, because they involved only lay pro se litigants, not trained *lawyers* representing themselves in court. In this regard, we find the cases of other circuits approving fee grants under EAJA to attorneys representing litigants on a pro bono basis more apposite than the cases denying fees to non-lawyer pro se litigants. See, e.g., *Cornella v. Schweiker*, 728 F.2d 978 (8th Cir.1984); *Watford v. Heckler*, 765 F.2d 1562 (11th Cir.1985). Just as another lawyer who had donated services to a client would be entitled to fees under EAJA, so should Jones be granted recovery for the legal services he provided.[5]

The Government makes a number of arguments as to why allowing fees to Jones

---

4. EAJA's reference to payment at "prevailing market rates," see 28 U.S.C. section 2412(d)(2), reinforces the presumption that the attorney be

a trained lawyer, who will be paid at the going local rate for lawyers.

5. Furthermore, a number of our sister circuits have distinguished between cases involving pro

would make bad public "policy." We find these concerns to be irrelevant in the face of clear statutory language compelling application to Jones. Ethical and disciplinary considerations, concerns about incentives and the objectivity of pro se attorneys,[6] and other practical matters will all be taken care of within the confines of the statute's strictures, and pursuant to normal rules of conduct for counsel. It is not for the court to assess the wisdom of clear statutory fee awards on so-called "policy" grounds. When a statute is clear and otherwise lawful, the policies behind it are beyond the scope of judicial review. *United States v. Ron Pair Enterprises*, — U.S. ——, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

## III. CONCLUSION

Because section 2412(d)(1)(A) of EAJA clearly allows for the granting of reasonable attorney fees whether the attorney is a separate individual from the litigant or a pro se attorney representing himself, we affirm the judgment of the District Court in its entirety.

So ordered.

SILBERMAN, Circuit Judge, concurring:

I concur in the judgment in this case because I am bound by *Cuneo v. Rums-*

*feld*, 553 F.2d 1360 (D.C.Cir.1977), which held that a lawyer acting pro se is entitled to reasonable attorney fees under the Freedom of Information Act, and *Cox v. United States Dep't of Justice*, 601 F.2d 1, 5–6 (D.C.Cir.1979), which extended that holding nonlawyers acting as pro se litigants. I find no viable distinction for purpose of this case between the term "reasonable attorney fees" in FOIA, 5 U.S.C. section 552(a)(4)(E) (1982), and "reasonable attorney fees" in EAJA, 28 U.S.C. section 2412(d)(2)(A) (1982). I think both of our prior cases, however, were decided incorrectly, and were I free to consider the case before us without the restraint of prior precedent, I would arrive at the opposite conclusion.

I do not believe that the plain language of the EAJA supports the majority's reading.[1] "Attorney fees" more naturally, it seems to me, describes the fees an attorney charges another for the provision of legal services than it does the opportunity cost a lawyer assumes when he (or she) does his own legal work. In that sense, a lawyer's "cost" of proceeding pro se is absolutely no different than the cost assumed by anyone else who takes on the burden of litigating his own case. It is not just lawyers whose time is "their stock in trade"; it is everyone.

se lawyers and lay pro se litigants, allowing the former, but not the latter, to recover fees under various fee-shifting statutes. See, e.g., *Cazalas v. United States Dep't of Justice*, 709 F.2d 1051 (5th Cir.1983) (FOIA); *Duncan v. Poythress*, 777 F.2d 1508 (11th Cir.1985) (en banc), cert. denied, 475 U.S. 1129, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1986) (section 1988).

**6.** In fact, the District Court specifically rejects this argument as a factual matter. It notes that "the pro se attorney's skills as an advocate will in all probability, as happened in this case, serve to increase the level of competency by which claims are processed." *Jones*, 685 F.Supp. at 7.

**1.** The standard of review on this issue is either de novo or an abuse of discretion standard that is de facto de novo. The Supreme Court recently made clear that some "purely legal issues" implicated by EAJA, such as whether the government's litigating position was "substantially justified," should be subject only to "deferential, abuse of discretion review." *Pierce v.*

*Underwood*, — U.S. ——, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988). But not every matter arising under EAJA is necessarily a matter of discretion for the trial court. See, e.g., *Sullivan v. Hudson*, — U.S. ——, —— – ——, 109 S.Ct. 2248, 2255–59, 104 L.Ed.2d 941 (1989) (construing the term "any civil action" in EAJA, 28 U.S.C. section 2412(d)(1)(A) (1982 & Supp. V 1987)). The questions of statutory construction presented by *Sullivan* and this case do not share the characteristics of the problem in *Pierce*. The interpretation of "attorney fees" or "any civil action" does not depend on "full knowledge of the factual setting," *Pierce*, 108 S.Ct. at 2547, present a different legal question than that faced by the district court, *id.* at 2548, or resist the formulation of a general rule of decision. *Id.* Perhaps for that reason, the Court in *Sullivan* treated the matter de novo and did not even mention the "abuse of discretion" standard. I therefore think it appropriate to review the district court's interpretation of the statute as we review most rulings on questions of law—de novo.

The majority defines the word "attorney" (neglecting its connection to the word "fees") as if it refers merely to an individual "trained in the law." Maj. op. at 1035. It is not at all clear to me how much training or what certification is necessary before the lawyer passes muster to qualify for attorney fees under EAJA. Is graduation from law school a prerequisite? Need the applicant be a member of the bar? If so, which bar? Must he be admitted to this court? Even if attorney as used in "attorney fees" means only one's *status* as a lawyer, it is by no means apparent how the court would define that status.

I think that Congress did not use "attorney" to mean "something other than lawyer," as the majority suggests the government's interpretation implies. See Maj. op. at 1035. Instead, Congress meant something *more* than a lawyer; it meant a lawyer acting as a legal representative or attorney for another. Even if one uses the term attorney by itself, as Judge Roney has explained, it normally means a lawyer acting as an agent for another. *Duncan v. Poythress*, 777 F.2d 1508, 1517–18 (11th Cir.1985) (Roney, J., dissenting) ("[W]ithout exception [over two dozen dictionaries] define the word 'attorney' in terms of one who acts for *another.*"). When the term is coupled with "fees", I think it necessarily refers to a lawyer representing another person, since we do not describe the costs an individual incurs as "fees" he charges himself. Black's Law Dictionary defines "fee" as a "recompense for an official or professional service or a charge or emolument or compensation for a particular act or service."

To be sure, the statute fixes the amount of fees recoverable from the government as "based upon prevailing market rates," 28 U.S.C. section 2412(d)(2)(A) (1982), and other courts have held that provision authorizes the payment of attorney fees to one who does not normally charge fees for his services. See, e.g., *Cornella v. Schweiker*, 728 F.2d 978, 985–87 (8th Cir.1984) (pro bono representation). But, nevertheless, such an individual must be in a professional relationship—an attorney representing a client—that would authorize the charging of fees. The legislative history shows that Congress clearly contemplated such a relationship. See H.R.Rep. No. 1418, 96th Cong., 2d Sess. 15 (1980) ("[T]he computation of attorney fees should be based on prevailing market rates without reference to the *fee arrangements between the attorney and client.* ").

Certainly the purpose of the EAJA is consistent with my interpretation of the language: that it does not authorize attorney fees for pro se litigants whether lawyers or not. Congress sought through fee-shifting to aid citizens for whom "the inability to recover attorney fees *preclude[d]* resort to the adjudicatory process." *Id.* at 9 (emphasis added). Thus, the specific barrier Congress sought to lower for erstwhile litigants was the need to pay an attorney. The EAJA cannot reasonably be read, in my view, to provide a general economic incentive to litigate against the government with or without counsel.

The government argued, with considerable force, that if the term "attorney fees" were ambiguous, the recent Supreme Court cases on sovereign immunity in the attorney fees context, *Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986) and *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983), oblige us to read the waiver "narrowly," *Shaw*, 478 U.S. at 319–20, 106 S.Ct. at 2964–65, and therefore undermine the authority of *Cuneo*. I think the government's reading of the Supreme Court cases is correct, and but for *Cuneo* and *Cox*, that would be an added ground to preclude the awarding of fees in this case. But the *Cuneo* court did not think, as I do, that the statutory language was ambiguous, see 553 F.2d at 1366, and furthermore the sovereign immunity doctrine applied in *Shaw* and *Ruckelshaus* was considered by this court when it decided *Cuneo*. See *id.* at 1366–67 (recognizing that "statutes waiving the sovereign immunity of the federal government are to be strictly construed"). I therefore do not feel free to abandon *Cuneo*.

The courts of appeals are hopelessly divided on the interpretation of "attorney

fees." Compare *Naekel v. Dept. of Transportation*, 845 F.2d 976, 981 (Fed.Cir.1988) (pro se non-lawyer ineligible for fees under EAJA); *Merrell v. Block*, 809 F.2d 639, 642 (9th Cir.1987) (same); *Crooker v. EPA*, 763 F.2d 16 (1st Cir.1985) (same) and *Aronson v. Dept. of Housing and Urban Development*, 866 F.2d 1, 4–5 (1st Cir.1989) (both lawyer and non-lawyer pro se litigants are ineligible for fees under FOIA); *Falcone v. IRS*, 714 F.2d 646, 647 (6th Cir.1983) (same), cert. denied, 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984), with *Duncan v. Poythress*, 777 F.2d 1508, 1511–15 (11th Cir.1985) (en banc) (pro se lawyer eligible for fees under 42 U.S.C. section 1988), cert. denied, 475 U.S. 1129, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1986), and *Cazalas v. U.S. Dept. of Justice*, 709 F.2d 1051, 1057 (5th Cir.1983) (pro se lawyer eligible for fees under FOIA). I agree with the First Circuit in *Aronson* that no pro se litigants are entitled to fees, but it would seem, under the circumstances, that Supreme Court review is most appropriate.