SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

Richard L. KAUFMAN, Defendant.

No. 85 Civ. 4787 (JES).

United States District Court,
S.D. New York.

Oct. 20, 1993.

S.E.C., Attorneys for Plaintiff, Washington, DC (James A. Brigagliano, Asst. Gen. Counsel for S.E.C., John A. Meynardie, Special Counsel, Valerie G. Preiss, of counsel), for plaintiff.

Richard L. Kaufman, pro se.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge.

Defendant *pro se* Richard L. Kaufman ("Kaufman" or "defendant") brings this application for reimbursement of costs, fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1988).[1] For the reasons that follow, defendant's motion is granted in part and denied in part.

---

1. Kaufman has submitted two memoranda dated August 5, 1992, in support of his application: a Memorandum in Support of an Application for Reimbursement of Expenses Incurred (hereinaf- ter "Def.Mem.Law"), and a Memorandum in Support setting forth Contentions of Fact (hereinafter "Def.Mem.Fact").

## BACKGROUND

On June 20, 1985, the Securities and Exchange Commission (the "Commission") filed a complaint against Kaufman, among others, seeking a permanent injunction for alleged primary and secondary violations of the Securities Exchange Act, to wit, sections 10(b), 13(a) and 13(b)(2), 15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2), and Rules 10b-5, 13b2-1, 12b-20, 13a-1 and 13a-13, 17 C.F.R. §§ 240.-10b-5, 240.13b2-1, 240.12b-20, 240.13a-1 and 240.13a-13 promulgated thereunder. On October 15, 1990, the Commission agreed to a dismissal with prejudice of the case against Kaufman.

Kaufman served as Vice President and Controller of AM International from in or about June, 1979, until in or about October, 1979. *See* Joint Pre-Trial Order dated March 30, 1990 ("PTO"), ¶ 16(B)(xi). After that he was AM International's Vice President of Operations until in or about April, 1981, at which time he left the company. *Id.;* Def.Mem.Fact at 2. From January 18, 1980, until April, 1981, he was simultaneously President and General Manager of AM Multigraphics, an unincorporated division of AM International. PTO, ¶¶ 13, 16(B)(xi). Since he left the company in April, 1981, Kaufman has been continuously unemployed. Def. Mem.Fact at 2.

Within thirty days following the resolution after trial of the case against Price Waterhouse, et al., (hereinafter referred to as "the main case"), Kaufman applied as a prevailing party under the EAJA for reimbursement of his costs, fees and expenses incurred over his five years of litigation. Kaufman has submitted a "Bill of Costs" itemizing that for which he seeks reimbursement. *See* Bill of Costs dated August 5, 1992. In a letter to the Court dated August 5, 1992, Kaufman refers to the Bill of Costs as a summary of his fees and expenses reflecting the "expenditure of time, labor and thought necessary for the preparation of [the] case." That Bill of Costs documents that he spent 4,515 hours preparing his defense and computes compensation at a $398.37 hourly rate (based on his 1980 hourly rate indexed for inflation) for a total of $1,798,640.50. *Id.* It also lists a total of $19,662.30 in "out-of-pocket expenses," indexed for inflation, related to travel, typing, and miscellaneous (*i.e.*, expenses for mailing, telephone, supplies, local mileage, dictation equipment, passport, duplication, storage, shipping, and translation). *Id.*

## DISCUSSION

Under the EAJA, a prevailing party in any civil action brought by any agency of the United States whose position in that litigation was not substantially justified shall recover his fees and other expenses and may recover his costs.[2] Kaufman seeks to recover all three, *i.e.*, his costs, fees and expenses. In its papers submitted in opposition to Kaufman's application, the Commission did not contest Kaufman's allegation that their position was not substantially justified.[3]

---

**2.** The EAJA provides in pertinent part:

    (a)(1) Except as otherwise specifically provided by statute, *a judgment for costs*, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, *may be awarded* to the prevailing party in any civil action brought by or against the United States or any agency ... of the United States. . . .

    (d)(1)(A) Except as otherwise specifically provided by statute, *a court shall award* to a prevailing party other than the United States *fees and other expenses*, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ..., brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

    (2) For the *purposes of this subsection*—

    (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees. . . .
28 U.S.C. § 2412(a), (d)(1)(A), (d)(2)(A) (emphasis added).

**3.** Although the Commission never claimed that its position was substantially justified, the Court notes that Kaufman has been continuously unemployed since leaving AM International in 1981. That fact, which the Commission either knew or reasonably should have known at the time it filed its complaint, *see* Def.Mem.Fact at 2, severely weakens any argument it may have made that a recurrence of any past wrongdoing was imminent and likely. *See SEC v. Monarch Fund*, 608 F.2d 938, 943 (2d Cir.1979); *SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 100 (2d

■ Although Kaufman expressly disclaimed any attempt to recover attorney fees in his August 5 letter to the Court, he does request compensation for hours spent preparing his case. The Second Circuit has indicated, however, that that form of compensation is not recoverable since non-lawyers who appear *pro se* may not recover attorney fees unless the litigation caused them to divert their time from income-producing activity. *See Sommer v. Sullivan*, 898 F.2d 895, 896 (2d Cir.), *cert. denied*, 498 U.S. 980, 111 S.Ct. 508, 112 L.Ed.2d 520 (1990) (EAJA case); *Kuzma v. United States Postal Service*, 725 F.2d 16 (2d Cir.) (FOIA case), *cert. denied*, 469 U.S. 831, 105 S.Ct. 119, 83 L.Ed.2d 62 (1984); *Crooker v. United States Dep't of the Treasury*, 634 F.2d 48, 49 (2d Cir.1980) (FOIA case). Kaufman, a non-lawyer who was unemployed during the period he was a defendant in this litigation, suffered no loss of income as a result of this case.[4]

■ Neither is Kaufman entitled to reimbursement for any costs. Costs are available under EAJA § 2412(d)(1)(A) only when not specifically precluded by another statute. *See* 28 U.S.C. § 2412(a)(1). Since section 27 of the Securities and Exchange Act expressly precludes recovery of costs against the Commission, Kaufman cannot recover costs. *See* 15 U.S.C. § 78aa; *SEC v. Torr*, 22 F.Supp. 602, 611 (S.D.N.Y.1938). *See also* Fed. R.Civ.P. 54(d) (prevailing party entitled to costs "[e]xcept when express provision is made ... in a statute of the United States ...; [moreover,] costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law").

■ However, the Court must decide whether *expenses*, as opposed to *costs*, may be taxed against the Commission notwithstanding section 27, an issue no court has yet addressed. The Court concludes that they may. While waivers of sovereign immunity must be strictly construed in favor of the United States, *see Ardestani v. INS*, —— U.S. ——, ——, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991), section 27, is not a waiver of sovereign immunity, *see SEC v. Independence Drilling Corp.*, 595 F.2d 1006, 1008 (5th Cir.1979), and therefore need not be subject to that rule of construction. Instead, "costs" can be given their normal meaning as defined by the plain language of 28 U.S.C. § 1920, which is specifically referred to in 28 U.S.C. § 2412(a), *i.e.*, fees of the clerk and marshal, fees of the court reporter for necessary stenographic transcripts, fees and disbursements for printing and witnesses, fees for necessary exemplification and copies of papers, docket fees, and compensation of court appointed experts, interpreters and special interpretation services under 28 U.S.C. § 1828.[5] Only those costs are specifically barred by § 27.

The Court concludes, therefore, that Kaufman, as a prevailing party, is entitled to reimbursement for certain of the "out-of-pocket expenses" listed in his Bill of Costs of a type which are normally billed to a client and which are not specifically barred by section 27 as costs under section 1920, to wit, expenses for travel, typing services, postage,

Cir.1978); *SEC v. Bausch & Lomb, Inc.*, 565 F.2d 8, 18 (2d Cir.1977). *See also Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).

4. Kaufman's reliance on *Jones v. Lujan*, 883 F.2d 1031 (D.C.Cir.1989), is misplaced. The court in *Jones* awarded fees and expenses under the EAJA to a *pro se* plaintiff who was, by profession, an attorney. In its reasoning, that court distinguished *pro se* attorneys from other *pro se* litigants, noting that the latter may not recover attorney fees under the EAJA. *Id.* at 1033–34. Here, Kaufman is not an attorney and does not seek to recover attorney fees as such.

5. Even though, as noted above, the Supreme Court has recently stated that the EAJA, as a partial waiver of that sovereign immunity, must be strictly construed in favor of the United States, that case did not expressly overrule, *see Ardestani v. INS, supra*, —— U.S. at ——, 112 S.Ct. at 520, Second Circuit case precedent holding that the expenses specifically set out in section 2412(d)(2)(A) of the EAJA are not exclusive, and that, under the EAJA, litigants may recover amounts for "telephone, postage, travel and photocopying" as expenses normally billed to a client. *See, e.g., Aston v. Secretary of Health and Human Serv.*, 808 F.2d 9, 12 (2d Cir.1986) (citing *International Woodworkers of America v. Donovan*, 769 F.2d 1388, 1392 (9th Cir.1985)); *but see Action on Smoking and Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 223–24 (D.C.Cir.1984). *See also Kuzma v. IRS*, 821 F.2d 930, 933–34 (2d Cir.1987) (applicable *pro se* litigants).

160

telephone, transport and storage of records, and translation. *See, e.g., Kuzma v. IRS, supra,* 821 F.2d at 933–34; *Film Office, S.A. v. MGM/UA Home Video, Inc.,* No. 91 Civ. 1132, 1992 WL 196734, at *2 (S.D.N.Y. Aug. 3, 1992); *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.,* 640 F.Supp. 882, 886 (S.D.N.Y.1986). However, he may not recover expenses includable as costs under section 1920 such as his expenses for duplication and copying, nor may he recover for expenses not normally billed to a client such as, in this case, his expenses for mileage, stationery and supplies, dictation equipment and tapes, and passport.

## CONCLUSION

For the reasons stated above, Kaufman's application for reimbursement of costs and expenses under the EAJA is granted in part and denied in part. The parties shall propose and submit appropriate judgments.

It is **SO ORDERED.**