988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John LIU, Plaintiff-Appellant,
v.
James SCHWARTZ; Alameda County Superior Court, Defendants-Appellees.
 No. 92-15891.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-92-01094-CAL; Charles A. Legge, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Liu appeals pro se the district court's dismissal of his civil rights action pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim upon which relief can be granted. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). We affirm.
 
 
 3
 Liu filed a complaint against the Alameda County Superior Court of California ("Court"), and Joe Clar and Sons, a used tool company ("Company")[1], alleging violations under 42 U.S.C. §§ 1983 and 1985(3). Liu claimed the Court violated his civil rights by improperly refusing to allow a legal technician to represent Liu at oral arguments or in a deposition. Liu also claimed the Court improperly granted sanctions against Liu for his failure to comply with discovery requests. Liu claimed the Company conspired with the Court in the rulings. The district court dismissed the complaint for failure to state a claim. Liu timely appeals.
 
 
 4
 Liu contends the district court erred by dismissing his complaint because Cal.Bus. & Prof.Code § 6125, which restricts the practice of law to members of the bar, is unconstitutional. Liu also contends the award of sanctions was unconstitutional because attorneys' fees as sanctions were unavailable to pro se litigants. These contentions lack merit.
 
 
 5
 A district court properly dismisses an action without leave to amend where the complaint fails to state a claim for relief and where the deficiency cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 6
 States have broad power to regulate the legal profession as part of their power to protect the public. Goldfarb v. Virginia State Bar, 421 U.S. 773, 792 (1975). California has chosen to restrict the practice of law within its boundaries to those who are "active member[s] of the State Bar." Calif.Bus. & Prof.Code § 6125. In California, a court may award attorneys' fees pursuant to its statutory authority. Bauguess v. Paine, 22 Cal.3d 626, 634-35 (1978) (California legislature has enacted statutes authorizing the award of attorneys' fees "to advance certain public policies"). See Cal.Code Civ.Proc. § 2023.[2] We have held it permissible for the legislature to restrict the award of attorneys' fees to represented parties only. See Merrell v. Block, 809 F.2d 639, 642 (9th Cir.1987) (pro se litigant not entitled to fees where statute provides attorneys' fees as sanction).
 
 
 7
 Here, the district court properly held that Liu failed to state a claim for relief where Liu alleged that the Court violated his civil rights by prohibiting a legal technician from representing him. See Goldfarb, 421 U.S. at 792. Moreover, the district court properly dismissed Liu's claim that the award of sanctions was unconstitutional because they were unavailable to pro se litigants.[3] See Merrell, 809 F.2d at 642. Because it is clear that no amendment could cure the deficiencies, the district court properly dismissed Liu's complaint without leave to amend. See Noll, 809 F.2d at 1448.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The complaint also named as defendants: attorneys James Schwartz and Kevin Eickenberry, employee Mark Clar, and manager Clyde Batavia. These individuals are included in the term "Company."
 
 
 [2]
 A court may order a party "misus[ing] the discovery process [to] pay "the reasonable expenses, including attorney's fees, incurred by any one as a result of that conduct." Cal.Code Civ.Proc. § 2023
 
 
 [3]
 Because Liu failed to state a claim for relief against the Court, Liu's allegation that the Company conspired with the Court to violate his constitutional rights likewise failed to state a claim for relief