Gust Marion JANIS, Plaintiff—
Appellant,

v.

Alberto R. GONZALES, Attorney General, in his capacity as Attorney General of the United States; et al., Defendants—Appellees.

No. 04–56315.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

---

**16.** Cal. Gov't Code § 12965(b).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gust Marion Janis, Terre Haute, IN, pro se.

Robert I. Lester, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Defendants-Appellees.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Federal prisoner Gust Marion Janis appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional, statutory, and common law claims related to the conditions of his confinement. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's factual determination that Janis failed to exhaust his administrative remedies for clear error, and its legal conclusions de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir.2003). We review de novo dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *Rivera v. United States,* 924 F.2d 948, 950 (9th Cir. 1991). We affirm.

■ The district court did not err in determining that Janis failed to exhaust available administrative remedies prior to filing this action. *See* 42 U.S.C. § 1997e(a); *McKinney v. Carey,* 311 F.3d 1198, 1200 (9th Cir.2002) (per curiam) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation"). We are not persuaded by Janis's contention that he was not required to exhaust available administrative remedies.

■ The district court properly dismissed with prejudice Janis's constitutional tort claims for damages against the United States based on sovereign immuni-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ty. *See Balser v. Dep't of Justice, Office of U.S. Trustee,* 327 F.3d 903, 907 (9th Cir. 2003). The district court also properly dismissed with prejudice Janis's claim under the Equal Access to Justice Act. *See Merrell v. Block,* 809 F.2d 639, 642 (9th Cir.1987) ("Congress intended that an attorney have been retained for a prevailing pro se litigant to recover attorneys fees under the EAJA").

**AFFIRMED**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.