**Phillip P. KALODNER Plaintiff,**

v.

**Spencer ABRAHAM, Sec. of Energy, et al. Defendants.**

**No. CIV.A.03–947(RCL).**

United States District Court, District of Columbia.

March 26, 2004.

Philip P. Kalodner, Gladwyne, PA, pro se.

Thomas Halsey Kemp, U.S. Department of Energy, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

Before the Court is the Federal Defendants' Motion to Dismiss the plaintiff's complaint for lack of jurisdiction and failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

Upon consideration of the defendants' motion, the applicable law and the record in this case, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court grants .the defendant's motion and dismisses the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## BACKGROUND

In 1986, the Office of Hearings and Appeals ("OHA") of the Department of Energy ("DOE") engaged in administrative proceeding that resulted in refund awards to consumers of crude oil who had been subject to past. overcharges. The plaintiff filed an application for attorney's fees under the common-fund doctrine. The DOE denied the plaintiff's application for attorney's fees. The plaintiff filed the instant action, seeking judicial review of that determination, and the federal defendants filed the motion to dismiss now before the Court.

Pursuant to a 1986 settlement agreement, the DOE adopted a restitutionary policy for cases involving crude oil over-

charges. *See In Re the Department of Energy Stripper Well Exemption Litigation,* 653 F.Supp. 108, 113 (D.Kan.1986). Parties to the settlement were accorded individual escrow accounts from which they would receive a portion of the funds due. *See Stripper Well,* 653 F.Supp. at 112. Claimants who were not parties to the settlement, such as those represented by the plaintiff, were directed to the Modified Statement of Restitutionary Policy, which provides that victims of overcharges may submit claims in refund proceedings pursuant to the agency's Subpart V procedures. *See* 10 C.F.R. Part 205. The modified policy authorizes OHA to initially reserve up twenty percent of all crude oil overcharge funds in the agency's escrow for distribution under this policy. The DOE determines whether a claim has merit and the amount of eligible product. The DOE · then refunds a certain amount of money, based upon the volume of eligible product purchased, to successful claimants.

An entity named Hercules, Incorporated applied for a refund and received only partial relief because the total volume claimed was deemed ineligible under the standards that existed at that time. Hercules, then, filed a motion for reconsideration. The DOE issued a proposed decision on August 3, 2001 and invited comments. The DOE also specifically notified the plaintiff of the proposed decision. The plaintiff, representing his clients, participated ΄in the administrative proceedings. At the close of the proceedings, OHA found that the claimed volumes qualified for refunds and reasonable percentages were determined. Since this final decision, the plaintiff, representing a group of clients, has filed numerous lawsuits over the past eleven years in an effort to obtain larger overcharge fund reimbursements. ██ The plaintiff, in his own capacity, filed a fee application, invoking the common-fund doctrine and claiming that he should be paid attorney's fees out of the restitutionary fund and requesting $60,000. Under the common-fund doctrine, a litigant or lawyer who recovers a common fund for the benefit of third persons is entitled to reasonable attorney's fees from the fund as a whole. *See Boeing Co. v. Van Gemert,* 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). However, the common-fund doctrine is an exception to the American rule, which maintains that a prevailing party is not entitled to collect a reasonable attorney's fee from the loser. *See Alyeska Pipeline Sev., Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

OHA treated the plaintiff's fee application as a Petition for Special Redress upon finding that the request was not covered by any specific DOE procedural regulation.· OHA denied the plaintiff's request for attorney's fees on March 10, 2003 upon finding, consistent with D.C.Cir. case law, that the plaintiff's suit was barred by sovereign immunity. Therefore, OHA denied the plaintiff's application for fees without reaching the merits of his application. The plaintiff now seeks reversal of the agency's decision.

### *ANALYSIS*

Consistent with a recent decision from the D.C.Cir., involving the same parties and similar claims, this Court finds that the plaintiff's suit is barred by sovereign immunity, and, therefore, that it need not reach the merits of the plaintiff's claim. *See Kalodner v. Abraham,* 310 F.3d 767, 769 (D.C.Cir.2002).

██ In *Kalodner,* the D.C.Cir. reviewed a DOE denial of a fee application filed by Kalodner and a district court's subsequent rejection of his request for review. In holding that Kalodner's suit was

barred by sovereign immunity, the court invoked a basic tenet of federal jurisprudence, "that the United States cannot be sued at all without the consent of Congress." *Kalodner,* 310 F.3d at 769 (quoting *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983)). To be amenable to suit, the federal government must "unequivocally" waive its immunity, and such waiver must be readily located in the "statutory text." *Id* (quoting *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996)). Based on the doctrine of sovereign immunity, the court rejected Kalodner's argument, that he was suing the United States only as the escrowee of funds that actually belonged to successful restitution claimants, not in its federal sovereign capacity. The court held that "[t]he government need not have an actual interest in the funds in order to invoke [sovereign immunity]," it is enough that the funds sought are in the possession of the United States Treasury. *Id.* (citing *United States v. New York Rayon Importing Co.,* 329 U.S. 654, 67 S.Ct. 601, 91 L.Ed. 577 (1947)). A common-fund fee award itself requires an unequivocal waiver of sovereign immunity. The only common-fund waiver is found in a provision of the Equal Access to Justice Act, 28 U.S.C. § 2412(b), and it is wholly inapplicable to the plaintiff. § 2412(b) provides that:

> a court may award reasonable fees and expenses of attorneys, ..., to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

See 28 U.S.C. § 2412(b). This provision clearly applies exclusively to *parties* who were *adverse* to and *prevailed* against the United States in a *civil action.*

Consistent with the stated case law, the plaintiff's instant action is barred by sovereign immunity because it is an action against the United States in its federal capacity seeking the award of fees from escrow accounts that are currently in the possession of the United States Treasury. Given the applicability of the doctrine of sovereign immunity, the only way the plaintiff's action could proceed is by invocation of an unequivocal text-based waiver of sovereign immunity. The only waiver relatable to the plaintiff's common-fund fee request, is wholly inapplicable to his situation. In all of his prior incarnations and in the instant case, Kalodner's clients were not parties, and they were not adverse to the United States. They did not prevail against the United States, and they never filed a civil action against the United States. *See Buckhannon Board and care Hom Inc., v. West Va. Dep't of Health & Human Res.,* 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (holding that a prevailing party is "one who has been awarded some relief *by the court.*") (emphasis added); *Mendenhall v. NTSB,* 213 F.3d 464, 467–68 (9th Cir., 2000) (stating that "nothing in § 2412 explicitly authorizes us to award attorneys' fees incurred outside of a 'civil suit'"). In these suits Kalodner has sought fees exclusively for what he perceives as his beneficial activities in the agency proceedings. The § 2412(b) simply does not apply to someone in his posture.

Having found that the plaintiff's suit is barred by sovereign immunity, the Court also finds that it need not reach the issue of whether he has standing to request judicial review of an OHA order denying him fees, or the merits of his claim for fees

from the common-fund. *See Kalodner,* 310 F.3d at 769 (holding that "[n]either the complex jurisdictional issues in this case ... nor the merits of Kalodner's common fund claim require our attention, for Kalodner's suit is barred by sovereign immunity.").

## CONCLUSION

For the aforementioned reasons, the Court grants the Federal Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

SO ORDERED.