**UNITED STATES of America,
Plaintiff,**

v.

**Wesley Dale SWOPES, Defendant,**

**and**

**Bank of America, Garnishee.**

**No. EP–92–CR–366–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

Dec. 11, 2006.

---

Debra P. Kanof, United States Attorney's Office, El Paso, TX, Susan B. Biggs, Assistant United States Attorney, San Antonio, TX, for Plaintiff.

### ORDER DENYING GARNISHEE'S REQUEST FOR ATTORNEY'S FEES

MARTINEZ, District Judge.

On this day, the Court considered Garnishee Bank of America, N.A.'s "Answer to Writ of Garnishment," filed on October 18, 2006; and Plaintiff United States of America's "Objection to Garnishee's Request for Attorney's Fees," filed on October 20, 2006 in the above-captioned cause. Therein, Garnishee requests that the Court award it costs and expenses for its compliance with the Writ of Garnishment issued on September 22, 2006. Garnishee requests attorney's fees in the sum of at least $1,050.00, plus additional costs. For the reasons stated below, the Court is of the opinion that Garnishee's request should be denied.

On September 22, 2006, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205, the Clerk of the Court issued a Writ of Garnishment against the property of Defendant Wesley Dale Swopes for the amount of $314,582.53, the outstanding restitution owed on the judgment in a criminal case, Cause No. EP–92–CR–366. The writ was issued to Garnishee for any of Defendant's funds held by Garnishee. Garnishee filed an Answer, in which it acknowledges that it is the custodian of funds in the amount of $832.22 owed by Garnishee to Defendant Wesley Dale Swopes. In its Answer, Garnishee also requests the payment of attorney's fees and costs. Garnishee states that it has engaged an attorney, and "believes it will incur the sum of at least $1,050.00 as a reasonable attorney's fees, as well as costs." Answer 2.

■ The general rule, known as the "American rule," is that a party is not ordinarily entitled to recover attorney's fees unless a specific statute provides otherwise. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). As Garnishee notes, 28 U.S.C. § 2412 sets forth an exception to this rule. Pursuant to the Equal Access to Justice Act ("EAJA"), 28

U.S.C. § 2412, the Court may award attorney's fees and costs to parties in certain limited circumstances. The Court is required to award reasonable attorney's fees "to a prevailing party ... in any civil action ... brought by or against the United States ...", unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). If the Court makes such a finding, it still has the discretion to award fees "to the prevailing party in any civil action brought by or against the United States." *Id.* § 2412(b).

 The Court notes that both § 2412(d)(1)(A) and § 2412(b) restrict an award of attorney's fees to a "prevailing party" in a "civil action." It appears that Garnishee is not eligible under these provisions. Since the EAJA "constitutes a waiver of sovereign immunity ...", its words must be narrowly construed and its borders rigorously observed." *In re Perry*, 882 F.2d 534, 538 (1st Cir.1989). "[A]ny doubt must be resolved in favor of nonapplicability since courts are duty bound to construe stingily waivers of the federal government's sovereign immunity." *Id.* at 545. The writ of garnishment, while possibly a civil remedy, was issued as part of a criminal action. Furthermore, Garnishee was not a party to the action, nor did it "prevail." *See Kalodner v. Abraham*, 309 F.Supp.2d 100, 103 (D.D.C.2004) (holding that § 2412(b) was inapplicable because individuals were not "adverse to," nor did they "prevail against," the United States).

 However, even assuming that Garnishee could be construed as a "prevailing party," and the garnishment proceedings could be seen as a "civil action," the Court is of the opinion that attorney's fees should still not be awarded. The Court may easily reject the application of § 2412(d)(1)(A),

as there is no doubt that the position of the United States in this matter "was substantially justified." The criminal judgment entered against Defendant required him to pay restitution in the amount of $320,182.53, and the outstanding balance owed by Defendant at the time Plaintiff sought the writ of garnishment was $314,582.53. Furthermore, neither Defendant nor Garnishee has in any way challenged Plaintiff's position on this matter.

 Furthermore, the Court is of the opinion that attorney's fees are not warranted under 28 U.S.C. § 2412(b). The application of § 2412(b) is left to the Court's discretion, and the Court believes this is an inappropriate case for an award of attorney's fees. Congress enacted the EAJA "to remove the obstacle of litigation expenses, including attorney's fees, so that litigants may challenge unreasonable governmental action and vindicate their rights in court." *Crooker v. Envtl. Prot. Agency*, 763 F.2d 16, 17 (1st Cir.1985) (per curiam), *quoted in In re Perry*, 882 F.2d at 539. The "EAJA was, and is, a carefully focused legislative initiative aimed at curbing certain types of invidious governmental action; it was designed to level the playing field for government actors and private parties as litigation adversaries." *In re Perry*, 882 F.2d at 539. Garnishee has not challenged the actions of the United States, but rather seeks an award of attorney's fees for the costs incurred in complying with the Court's writ. Such a case is not an appropriate application of § 2412(b).

 Finally, Garnishee fails to point to an alternative statute that authorizes the awarding of attorney's fees. Garnishee cites Texas Rule of Civil Procedure 677, which provides that, "[w]here the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable

compensation to the garnishee, shall be taxed against the plaintiff." Garnishee argues that the Court should apply this rule, pursuant to Federal Rules of Civil Procedure 64 and 69, which state that remedies for the seizure of property and enforcement of a judgment shall be governed by state law. *See* FED.R.CIV.P. 64 (stating that such remedies shall be "available under the circumstances and in the manner provided by the law of the state in which the district court is held"); FED.R.CIV.P. 69(a) (stating that procedure for writ of execution "shall be in accordance with the practice and procedure of the state in which the district court is held"). However, both rules provide an exception, such that any United States statute governs to the extent that it is applicable. FED. R.CIV.P. 64; FED.R.CIV.P. 69. In the instant case, 28 U.S.C. § 3205 establishes the procedures used in garnishment proceedings, and offers no basis for the Court to grant Garnishee's request. The statute specifically provides that the Court may award attorney's fees to the United States if a garnishee fails to comply with the writ of garnishment. 28 U.S.C. § 3205(c)(6). However, the statute provides no basis for the Court to award attorney's fees or other costs to a third-party garnishee. Given the need to narrowly construe a waiver of sovereign immunity, *In re Perry*, 882 F.2d at 538, the Court believes that by specifically providing for the awarding of fees to the United States, § 3205 applies to this matter and precludes any award of fees to another party. For these reasons, the Court is of the opinion that Garnishee's request must be denied.

**IT IS THEREFORE ORDERED** that Garnishee Bank of America, N.A.'s Request for Attorney's Fees (Docket No. 11) is **DENIED.**